**Virgil A. LESTER**

v.

**David MATHEWS, Secretary of Health, Education and Welfare.**

Civ. A. No. 76–0584.

United States District Court,
W. D. Virginia,
Abingdon Division.

Jan. 28, 1977.

J. D. Morefield, Abingdon, Va., for plaintiff.

Robert S. Stubbs, Asst. U. S. Atty., Roanoke, Va., for defendant.

## OPINION AND JUDGMENT

TURK, Chief Judge.

Plaintiff has filed this action challenging the final decision of the Secretary of Health, Education and Welfare denying his claim for "black lung" benefits under the Federal Coal Mine Health and Safety Act of 1969, as amended, 30 U.S.C. § 901 *et seq.* Jurisdiction of this court is pursuant to § 413(b) of the Act, 30 U.S.C. § 923(b), which incorporates § 205(g) of the Social Security Act, 42 U.S.C. § 405(g). The only issue to be decided by this court is whether the Secretary's final decision is supported by "substantial evidence", and if it is, this court must affirm.

In an opinion eventually adopted as the final decision by the Secretary, an Administrative Law Judge found that Mr. Lester, a miner for in excess of ten years, was not entitled to "black lung" benefits. Implicit in the Law Judge's determination was the finding that plaintiff was not disabled due to pneumoconiosis (black lung) at any time prior to July 1, 1973, the date on which the Secretary of Health, Education and Welfare surrendered jurisdiction of "black lung" claims to the Department of Labor. The court must conclude that the Secretary's final decision is supported by the evidence of record. Plaintiff produced evidence of the existence of pneumoconiosis in the form of roentgenographic reports dated in 1975. However, other than for a single positive roentgenographic interpretation for film twice reread as negative, all medical evidence dated prior to 1975 proved negative for indications of pneumoconiosis or chronic lung disease. In short, there is insufficient evidence of record which serves as a basis for a relation back of later evidence of lung related disability to a time prior to the jurisdictional cut-off. Clearly, under the Act, Mr. Lester must establish that his condition produced disability at a time prior to the termination of the Secretary's jurisdiction. *Collins v. Weinberger*, 401 F.Supp. 377 (W.D.Va., 1975) vac. on other grounds *sub nom. Talley v. Mathews*, 550 F.2d 911 (4th Cir., January 5, 1977).

The court recognizes that pneumoconiosis is a progressive disease. *Collins v. Weinberger, supra.* However, it also follows that the disease cannot be expected to reach disabling proportions until some point after its onset. Given the nature of the evidence in this case, the court must conclude that plaintiff has failed to establish the existence of a disabling impairment existing prior or to the end of defendant's "black lung" jurisdiction. Since the court has found "substantial evidence" supporting the final decision of the Secretary, that decision must be affirmed. *Laws v. Celebrezze*, 368 F.2d 640 (4th Cir., 1966). The court notes that plaintiff may wish to file a new application under the jurisdiction of the Department of Labor.